IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHENGSEE SWAFFORD,

               Plaintiff,

vs.                                       Case No. 12-1417-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

               Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security finding that plaintiff was no longer disabled as of November 1, 2009 (Doc. 1 at 41). Plaintiff has filed a motion for the appointment of counsel (Doc. 3). The motion indicates that she has contacted two firms, the Binder and Binder law firm, and the Parmele law firm, but has been unable to obtain their services (Doc. 3 at 1). Both firms handle social security disability cases. Plaintiff's complaint states that she disagrees with the decision of the administrative law judge (ALJ), but she does not indicate why she believes the ALJ erred in his decision (Doc. 1 at 3). Plaintiff simply requests that the court go over the medical and doctor's notes again and decide on that (Doc. 1 at 4).

Plaintiff's complaint attached the ALJ decision of September 9, 2011, which has been reviewed by the court (Doc. 1 at 41-53).

There is no constitutional right to appointment of counsel in a civil case. Carper v. DeLand, 54 F.3d 613, 616 (10th Cir. 1995); Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989). 28 U.S.C. § 1915(e)(1) states that the court may request an attorney to represent any person unable to afford counsel. The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. Williams v. Meese, 926 F.3d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel. Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006). If plaintiff is able to demonstrate that he has a colorable claim, then the court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts. The factors to be considered include: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

A review of the above factors do not support the appointment of counsel at this time. Plaintiff, in her complaint, has failed to demonstrate that she has a colorable

2

claim. She simply states that she disagrees with the decision of the ALJ, and asks the court to review the medical and doctor's notes again and decide on that. The court has reviewed the decision of the ALJ, and does not find that any clear error is apparent from the face of the decision; the ALJ cited to evidence in the record to support his decision that plaintiff was no longer disabled as of November 1, 2009.[1] The allegations in plaintiff's complaint and in her motion do not indicate that plaintiff is unable to present her claims.

The court would also note that plaintiff has contacted two attorneys who represent claimants in social security disability cases, but has been unable to secure legal representation. The fact that attorneys who handle social security disability cases have declined to represent the plaintiff mitigates against the appointment of counsel in this case. For these reasons, the court denies plaintiff's motion for the appointment of counsel at this time, without prejudice to refile after the Commissioner files his answer along with the administrative record pursuant to D. Kan. Rule 83.7.1. However, the court would advise plaintiff to continue to seek representation before the Commissioner files his answer along with the administrative record.

---

[1] However, the court does not have before it the administrative record and therefore is in no position to ascertain if the evidence in the record supports the ALJ's decision.

IT IS THEREFORE ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice to refile, after the Commissioner files his answer along with the administrative record.

IT IS FURTHER ORDERED that plaintiff's motion to proceed without prepayment of fees (Doc. 4) is granted.  The Clerk shall immediately prepare and issue summons to the U.S. Marshal or Deputy Marshal, who are appointed pursuant to Fed.R.Civ.P. 4(c)(3).

Dated this 14th day of November 2012, Topeka, Kansas.

s/ Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge