IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHENGSEE SWAFFORD,

        Plaintiff,

vs.                                    Case No. 12-1417-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

        Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments, finding that plaintiff was no longer disabled as of November 1, 2009. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

1

(10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

This case involves termination of benefits after plaintiff was previously found to be disabled. For disability insurance benefits, there is an eight-step evaluation process when determining if disability continues or ends. 20 C.F.R. § 404.1594(f). For supplemental security income, there is a

seven-step evaluation process when determining if disability continues or ends. 20 C.F.R. § 416.994(b)(5).

The one step unique to disability insurance benefits is whether plaintiff is engaged in substantial gainful activity; if so, plaintiff is no longer disabled. The remaining seven steps common to disability insurance benefits and supplemental security income are as follows:

(1) Does the claimant have an impairment or combination of impairments which meets or equals the severity of a listed impairment? (If yes, the claimant is still disabled.)

(2) If not, has there been medical improvement?

(3) If there has been medical improvement, the agency must determine whether it is related to claimant's ability to work (i.e., whether there has been an increase in the residual functional capacity (RFC) based on the impairment that was present at the time of the most favorable medical determination.

(4) If no medical improvement was found at step 2, or the medical improvement was found at step 3 not to be related to claimant's ability to work; the agency considers a number of exceptions in order to determine if disability ends or the analysis proceeds to the next step.

(5) If medical improvement at step 3 was related to claimant's ability to work, or if an exception in step 4 applies that results in proceeding to the next step, the agency will assess

3

whether the claimant's current impairments are severe.  If claimant has no severe impairments, claimant will no longer be considered disabled.

(6)  If claimant's impairments are severe, the agency will assess plaintiff's RFC, and consider whether plaintiff can perform past work.

(7) If claimant cannot perform past work, the agency will consider, given claimant's RFC and claimant's age, education, and past work experience, whether claimant can perform other work in the national economy.

If the Commissioner meets his burden of establishing that the claimant's medical condition has improved and that the improvement is related to the claimant's ability to work, the Commissioner must then demonstrate that the claimant is currently able to engage in substantial gainful activity. <u>Hayden v. Barnhart</u>, 374 F.3d 986, 988 (10th Cir. 2004).  The burden of proof is on the Commissioner in a termination-of-benefits review.  <u>Hayden</u>, 374 F.3d at 991; <u>Glenn v. Shalala</u>, 21 F.3d 983, 987 (10th Cir. 1994).

**II. History of case**

On September 9, 2011, administrative law judge (ALJ) Michael R. Dayton issued his decision (R. at 10-22).  Plaintiff was previously found to be disabled effective April 1, 2005 due to cervical cancer.  It was determined that plaintiff met a

listed impairment.  Based on a continuing disability review, on November 10, 2009, it was determined that plaintiff's medical condition had improved, and that the plaintiff was no longer disabled as of November 1, 2009 (R. at 10).

The most recent favorable medical decision finding the plaintiff was disabled was February 15, 2006, i.e., the "comparison point decision" (CPD).  At that time, plaintiff's medically determinable impairments were found to equal a listed impairment (R. at 12).

The ALJ found that, as of November 1, 2009, the date plaintiff's disability ended, plaintiff had not engaged in substantial gainful activity.  The ALJ next found that plaintiff's medically determinable impairments as of November 1, 2009 do not meet or equal a listed impairment, noting that plaintiff's cervical cancer is now in remission (R. at 12).

The ALJ found that medical improvement occurred as of November 1, 2009 (R. at 13).  The ALJ next determined that the medical improvement is related to plaintiff's ability to work because her impairments no longer meet or equal a listed impairment (R. at 14).

As of November 1, 2009, the ALJ found that plaintiff continues to have a severe impairment or combination of impairments: cervical cancer in remission; peripheral

neuropathy, lower extremities; diabetes; and hypertension (R. at 15).

As of November 1, 2009, the ALJ found that plaintiff had the following RFC: Plaintiff can lift and/or carry, push and/or pull 10 pounds. Plaintiff can stand and/or walk at least 2 hours in an 8-hour workday. Plaintiff can sit about 6 hours in an 8-hour workday. Plaintiff can climb ladders, ropes, and scaffolds occasionally. Plaintiff can climb ramps and stairs frequently. She can frequently balance, stoop, kneel, crouch and crawl. She must avoid concentrated exposure to extreme cold. She must avoid concentrated exposure to wetness, vibration, and hazards such as machinery and heights (R. at 17).

The ALJ determined that, beginning November 1, 2009, plaintiff can perform past relevant work of data entry operator (R. at 20). In the alternative, the ALJ further determined that plaintiff can perform a significant number of jobs available in the national economy (R. at 21-22). For these reasons, the ALJ concluded that plaintiff's disability ended on November 1, 2009 and she has not become disabled again since that date (R. at 22).

**III. Are the ALJ's findings supported by substantial evidence?**

The court would note that plaintiff is proceeding pro se. A pro se litigant's materials are entitled to a liberal reading, and consequently, the court will make some allowances for the

pro se litigant's failure to cite proper legal authority, their confusion of various legal theories, their poor syntax and sentence construction, or their unfamiliarity with pleading requirements, but the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record. Weaver. V. Astrue, 353 Fed. Appx. 151, 154 (10th Cir. Nov. 18, 2009).

In making his RFC findings, the ALJ indicated that he was in agreement with the opinions expressed by Dr. Goering in a physical RFC assessment (R. at 17). The ALJ also gave substantial weight to the opinions of Dr. Schulman that plaintiff's mental impairments were non-severe (R. at 16).

Plaintiff argues that she is still suffering from the effects of numbness and tingling in her legs and feet (i.e., neuropathy associated with chemotherapy patients), and that she suffers from fatigue and weakness and therefore is not able to sit or stand for more than 10 minutes without severe pain and dizziness (Doc. 17 at 2). Plaintiff references a note from Dr. Myrick dated November 14, 2011 stating that he was "appalled to he[ar] that she was about to lose her disability" and stating that "she has an associated neuropathy pain from chemotherapy…She has progess[ed] from a wheelchair to mobil[e] but will never be pain free" (R. at 431). Plaintiff also referenced a disabled parking form from Dr. Roe, dated October

8, 2010, stating that plaintiff cannot walk without the use of, or assistance from, a brace, cane, crutch, another person, prosthetic device, wheelchair, or other assistive device (R. at 411).

The ALJ discussed plaintiff's peripheral neuropathy, and noted that Dr. Recht, on January 19, 2007, found that plaintiff was improving and no longer using a wheelchair, but using a walker (R. at 17, 276).  Dr. Recht also opined at that time that the neuropathy would resolve within 18 to 24 months, and that he suspected that in four months she would ambulate without a walker and perhaps without any assistance at all (R. at 276). On December 23, 2009, Dr. Recht reported that plaintiff was able to wean herself completely from the wheelchair, and has been ambulating since, although she complains of numbness that is occasionally uncomfortable.  He stated that she remains areflexic with some decreased position and vibration sense at the toes, but that strength is preserved (R. at 292).

Dr. Miller performed a consultative examination on October 13, 2009 (R. at 262-263).  He found that plaintiff had 4-5/5 strength in her lower extremities.  She had diminished sensory deficits below knees.  Her gait was normal.  She is able to perform adequate plantarflexion, tandem walk, and getting on and off the exam table.  She had some difficulty with dorsiflexion.

Dr. Miller found full range of motion of all extremities (R. at 263).

The ALJ agreed with the medical opinions of Dr. Goering in establishing plaintiff's physical RFC (R. at 17). Dr. Goering reviewed the record, including the assessment by Dr. Miller, and provided a narrative discussion in support of his RFC findings (R. at 377). The ALJ considered plaintiff's peripheral neuropathy, and made RFC findings supported by substantial evidence in the record, including medical opinion evidence. Plaintiff did not cite to any medical opinion evidence that disputes the RFC findings made by the ALJ. Although Dr. Myrick took issue with plaintiff losing her disability, and noted her neuropathy pain, he offered no opinions regarding plaintiff's limitations.

Plaintiff argues that a cane was prescribed by a physician; the record shows that her doctor stated on October 8, 2010 that plaintiff cannot walk without the use or assistance of a cane or other device (R. at 411). However, the ALJ noted that Dr. Miller indicated on October 13, 2009 that plaintiff presented without an assistive device (R. at 15, 263). The ALJ also noted that Dr. Moeller indicated on March 16, 2010 that plaintiff sat comfortably in a chair for the entire evaluation interview without any indications of physical discomfort, she was able to rise independently and without using her arms for assistance,

and that she walked slowly, but easily, and walked without assistance and independently (R. at 19, 363). The ALJ also observed at the hearing on April 30, 2010 that plaintiff walked in and out of the hearing without difficulty, and it did not appear that she needed an assistive device for balance (R. at 19).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court finds that the ALJ carefully reviewed the medical evidence, and made findings supported by substantial evidence in the record, including medical opinion evidence. Plaintiff has not cited to any medical evidence that contradicts the ALJ's RFC findings.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 11th day of March 2014, Topeka, Kansas.


                                    s/Sam A. Crow
                                    Sam A. Crow, U.S. District Senior Judge